## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOHN HENSLEY
15 Poole Road
Hedgesville, WV 25427,

        Plaintiff,

        vs.

UNITED STATES OF AMERICA,
By and through the following:

US Department of Veteran's Affairs
Attn: Mr. Robert A. McDonald
810 Vermont Ave NW
Washington, DC, US 20420

US Department of Justice
Attn: Ms. Loretta E. Lynch, US Attorney General
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

US Attorney's Office
Attn: Mr. Channing D. Phillips, US Attorney
555 4th Street, NW
Washington, DC 20530

        Defendant.

---

    Plaintiff John Hensley, by and through its undersigned attorneys, for its complaint herein, alleges as follows:

## I.    **INTRODUCTION**

    1.    This is an action for judicial review of an improper administrative denial of disability benefits by the United States Air Force to Plaintiff under the terms of the Servicemembers Group Life Insurance Traumatic Injury Protection Program (hereafter "TSGLI").

## II.   JURISDICTION

2.     Jurisdiction in this action is predicated upon 38 USC 1975, as well as under the terms of the TSGLI program, as any member who receives an adverse TSGLI decision may obtain judicial review in any United States District Court of competent jurisdiction.

## III.   VENUE

3.     Venue for this action is predicated upon a denial of TSGLI benefits to Plaintiff by the United States Department of the Air Force.  The Department of the Air Force is one of the three Military Departments within the Department of Defense of the United States of America, an executive branch department of the federal government of the United States, under the control of the President of the United States of America as a part of the executive branch of the federal government, which is seated in the District of Columbia.

## IV.   FACTUAL ALLEGATIONS

4.     All allegations contained in the previous paragraphs are incorporated herein by reference.

5.     The Servicemembers' Group Life Insurance Traumatic Injury Protection Program, also known as TSGLI, is a rider to the SGLI policy that provides a payment for service members injured as a result of a traumatic event.

6.     TSGLI coverage was added to SGLI policies effective December 1, 2005.  After December 1, 2005, all service members covered by SGLI are eligible for TSGLI coverage, regardless of where their qualifying traumatic injury occurred.

7.     In addition, a retroactive program covers service members who sustained a qualifying traumatic injury while supporting Operation Enduring Freedom (OEF), Operation

Iraqi Freedom (OIF), or while on orders in a Combat Zone Tax Exclusion (CTZE) area from October 7, 2001 through November 30, 2005.

8.      For service members who suffer a qualifying loss as a result of a traumatic injury event, the Defendant will pay between $25,000 and $100,000, depending on the nature and severity of the qualifying loss.

9.      The benefit is paid to the member, someone acting on the member's behalf if the member is incompetent, or the member's SGLI beneficiary if the member is deceased.

10.     All service members covered under SGLI who experienced a traumatic event that directly results in a traumatic injury causing a scheduled loss defined under the program are eligible for a TSGLI payment.

13.     Losses must meet a TSGLI standard in order to be eligible for a benefit payment. There are nine categories of losses covered as follows:

1) Sensory losses

2) Burns

3) Paralysis

4) Amputation

5) Limb Salvage

6) Facial Reconstruction

7) Activities of Daily Living (ADL)

8) Inpatient Hospitalization

9) Coma/TBI combined with another injury

14.     If a service member submits an application for benefits, a medical professional must sign a Part B form to certify the medical information being provided.  In so doing, a

medical professional certifies that the applicant meets one or more of the TSGLI criteria stated above.

15.    Additionally, a service member may furnish other documentary evidence in support of their claim, including medical records, reports, and written statements of caregivers who assisted the service member during the recovery from their injuries.

### a.    Plaintiff's Traumatic Injury and TSGLI Claim

16.    All allegations contained in the previous paragraphs are incorporated herein by reference.

17.    At all times pertinent hereto, Plaintiff was eligible for TSGLI benefits through his status as a service member of the United States Air Force.

18.    In the instant case, Plaintiff sustained traumatic injuries on February 20, 2008, while on active duty, working on an aircraft, when he slipped and fell head-first down a crew entrance ladder from the aircraft.

19.    As a result of that fall, Plaintiff was seriously injured, suffering a broken left humerus, torn labra ligament in his left shoulder, and injuries to his left wrist and knees.  Plaintiff required surgical repair to address.  As a result of those traumatic injuries, Plaintiff was unable to safely perform certain activities of daily living (ADLs) for a period of over 120 days.

### b.    Certification by a Medical Professional

20.    All allegations contained in the previous paragraphs are incorporated herein by reference.

21.    In Plaintiff's case, a medical professional, Dr. Dennis Hopkins, certified his individual claim for an inability to independently perform ADLs of bathing and dressing during

his recovery for a period of over 120 days, through a signed Part B form, certifying Plaintiff's qualification for TSGLI benefits.

22.    On or about April 17, 2013, Plaintiff submitted his application for TSGLI benefits, including the signed Part B form provided by Dr. Dennis Hopkins, and other pertinent medical and documentary evidence.

        **c.**    **Caregiver Statement – Affidavit of Vera Hensley**

23.    All allegations contained in the previous paragraphs are incorporated herein by reference.

24.    In addition to the other information supplied in the application and appeal process, Plaintiff furnished the Affidavit of Vera Hensley, Plaintiff's spouse, which outlined the physical assistance Plaintiff needed following his traumatic injury. Ms. Hensley herself provided that assistance to Plaintiff during the period of time between February 20, 2008 and August 20, 2009 as he recovered from his traumatic injuries. Defendant effectively disregarded the information contained in Ms. Hensley's Affidavit in its ultimate decision to deny benefits to Plaintiff.

        **d.**    **Denial of Claim and Exhaustion of Administrative Appeals**

25.    All allegations contained in the previous paragraphs are incorporated herein by reference.

26.    Plaintiff has received three denials of his TSGLI claim by Defendant during the administrative agency review process.

27.    In a letter from Defendant dated June 27, 2013 in response to Plaintiff's application for TSGLI benefits, Plaintiff's claim was denied on the basis that, "Your claim for the inability to perform activities of daily living (ADLs) due to traumatic injury (other than

traumatic brain injury) was not approved because the medical documentation provided does not indicate your loss met the TSGLI standards."

28.     Plaintiff appealed the denial, and his claim was again denied in a letter from Defendant dated October 10, 2013, indicating that, "Regrettably, I must deny your appeal. As explained in the Office of Servicemember's Group Life Insurance letter denying your initial claim, your loss does not meet the eligibility criteria for inability to perform activities of daily living. We re-examined your claim and additional documents provided with your appeal package. Unfortunately, the medical documentation does not support that you were unable to perform at least two of the six activities of daily living (ADLs) for at least 30 consecutive days."

29.     Plaintiff appealed his claim to Defendant through the Air Force Board for Correction of Military Records.  In a letter dated March 11, 2015, Defendant again denied Plaintiff's claim on the basis that, "Insufficient relevant evidence has been presented to demonstrate the existence of error or injustice. After a thorough review of the available evidence and the applicant's complete submission we are not persuaded the applicant's TSGLI application should be approved. We note the applicant's spouse provides a sworn affidavit stating the applicant loss 120 days of ADL and still requires assistance due to the ongoing nature of his injuries. However, in our opinion, substantial evidence has not been presented to successfully refute the assessment of his cause by the Air Force Office of Primary Responsibility (OPR). Therefore, we agree with the opinion and recommendation of the Air Force OPR and adopt the rationale expressed as the basis for our decision that the applicant has failed to sustain his burden of proof of either an error or an injustice. Absent persuasive evidence that he was denied rights to which he was entitled, we find no basis to recommend granting the relief sought in this application."

30.     Plaintiff subsequently exhausted the administrative appeals available to him, with a denial at each level of appeal.

32.     Defendant has standardized its claim denial practices in a manner that is arbitrary, capricious, unsupported by its own guidelines, and contrary to law.

33.     Further, in this case Defendant's denial of Plaintiff's claim runs contrary to the preponderance of the evidence, or is otherwise unsupported by substantial evidence.

34.     Defendant has denied Plaintiff's claim for TSGLI benefits because, among other reasons, it claims that Plaintiff's medical documentation does not indicate that the injury rendered Plaintiff incapable of performing ADLs pursuant to the TSGLI guidelines, in direct opposition to the opinion of a certifying medical professional who reviewed the same medical records.  Defendant also ignored the Affidavit of Vera Hensley which corroborated Plaintiff's ADL loss claim.

35.     Defendant did not provide justification as to why the greater weight of the evidence did not support Plaintiff's eligibility for TSGLI benefits; give any reasons why the certifying medical professional's certification was not credible; address the Affidavit of Ms. Hensley attesting to her observations and provision of assistance to Plaintiff during his recovery; or provide reasonable or substantial evidence or medical opinion contradicting Plaintiff's claim for TSGLI benefits.

36.     Defendant failed to approve Plaintiff's claim for benefits even though the Plaintiff meets the contractual and legal criteria for a payment of TSGLI benefits of $100,000 for his inability to safely bathe and dress for a period of over 120 days without assistance.

37.     Defendant violated the relevant statutes and its own guidelines by denying Plaintiff's claim, and did not reasonably or adequately advise Plaintiff of the bases for denial, including provision of loss codes.

38.     Plaintiff has thereby suffered an unwarranted denial of TSGLI benefits by Defendant, which are due under the TSGLI program.

## CLAIMS FOR RELIEF

39.     All allegations contained in the previous paragraphs are incorporated herein by reference.

40.     Plaintiff herewith requests judicial review and reversal of Defendant's denial of his claim for TSGLI benefits, based, *inter alia*, upon Defendant's

a.      failure to pay benefits due and owing under the TSGLI program, as outlined elsewhere herein;

b.      failure to identify reasons for the denial of benefits under the applicable guidelines, including omission of loss codes and/or any other adequate basis for its decision; and

c.      addition of additional unauthorized criteria for TSGLI claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a.      an order overriding Defendant's wrongful denial of TSLGI benefits to Plaintiff, with remand and instruction to find consistent with the Court's order, outlining the benefit eligibility/entitlement of Plaintiff under the TSGLI program based on the evidence in the record, and to do so within a specified deadline so as to prevent unjust delay, or timely compliance with the Court's order;

b.      an award of interest, costs and attorneys' fees as provided by statute;

c.      an award of attorneys' fees as provided by statute and code, including The Equal

Access to Justice Act, 5 U.S.C. § 504; 28 U.S.C. §2412; and

d.      such other relief as the Court deems just and proper.

Respectfully submitted,

Dated:   6/30/16

Jake R. Jagdfeld (#MN0002)
Johnson Becker, PLLC
444 Cedar Street, Suite 1800
Saint Paul, MN 55101
Telephone: (612) 436-1810
Facsimile: (612) 436-1801

Attorneys for Plaintiff